UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

In Re

MONICA THIGPEN                                              Case No. 02-14280-MAM-13

    Debtor

MONICA THIGPEN

    Plaintiff

v.                                                          Adv. No. 04-01035

MATRIX FINANCIAL SERVICES
CORPORATION

    Defendant

**ORDER DENYING STAY PENDING DISPOSITION
OF MOTION FOR WITHDRAWAL OF REFERENCE**

M. Warren Butler and William E. Shreve, Jr., Lyons, Pipes & Cook, P.C., Attorneys
    for the Defendant
Steve Olen, Steven L. Nicholas, Royce A. Ray, Attorneys for the Plaintiff
Donald J. Stewart, Cabaniss, Johnston, Garner, Dumas & O'Neal, Attorneys for the
    Plaintiff

This case is before the Court on the motion of the defendant, Matrix Financial Services Corporation, for a stay pending disposition of its motion for withdrawal of reference, filed in the U.S. District Court. This court has jurisdiction to hear this matter pursuant to 28 U.S.C.§ § 157 and 1334 and the Order of Reference of the District Court. This matter is a core proceeding pursuant to 28 U.S.C.§ 157(b)(2) and the court has the authority to enter a final order. For the

1

reasons indicated below, the court is denying the motion for stay pending disposition of the motion for withdrawal of reference.

## FACTS

This case was filed February 27, 2004. It is an action against Matrix Financial Corporation in which Ms. Thigpen alleges that Matrix "filed improper and false affidavits or declarations" in her case and numerous others in bankruptcy courts around the nation. Ms. Thigpen seeks to have the action certified as a class action by this court. Matrix has not filed an answer yet but presumably will deny the allegations in the complaint.

In its motion for withdrawal of reference, Matrix asserts (1) that it has requested a jury trial which it cannot have in bankruptcy court without all parties' consent and Matrix will not consent; (2) that it would promote economy for the lawyers and the court system if the reference were withdrawn; and (3) that there is cause for withdrawing the reference. This court does not know if Matrix's motion for withdrawal of the reference will be granted, but, until it is ruled upon, is denying the motion for a stay of this proceeding.

## LAW

### A.

Ms. Thigpen has sued Matrix for filing improper and fraudulent affidavits. She seeks (1) a declaration that the practices of Matrix are fraudulent and illegal; (2) an injunction enjoining Matrix from engaging in the practices in the future; (3) an award of actual damages, attorneys fees, costs and punitive damages and/or sanctions which might be by disgorgement of fees paid to Matrix; (4) an award of attorneys fees, costs and expenses to counsel; (5) any other or different

2

relief as may be appropriate. She seeks this relief pursuant to § 105 of the Bankruptcy Code and pursuant to the inherent powers of the court. Matrix asserts that it has a jury trial right as to these issues. This court agrees.

In her brief and at oral argument, Ms. Thigpen, through her counsel, made clear that she was seeking damages on her behalf and as representative of a class for damages sustained as a result of Matrix's behavior. She seeks relief based upon, as this court sees it, fraud and/or abuse of the bankruptcy process by Matrix due to Matrix's improper notarization practices. She is not seeking vindication for the court system or litigants for any affront "fraudulent or improper" affidavits might create. The action is really one for improper notarization. That civil action is not bankruptcy based. It is a tort based upon negligent or intentional behavior that could happen in or out of bankruptcy court.[1]

In order to have a jury trial right, Matrix must show that it would have a jury trial right under the criteria set forth in *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 22, 109 S.Ct. 2782, 109 L.Ed.2d 26 (1989). The Supreme Court stated:

---

[1]The court has issued a separate opinion denying Matrix's motion to dismiss the case. That opinion details the law in Alabama and elsewhere that deals with improper notarization. There is clearly a civil action available to someone injured by such actions.
    The court denied the motion to dismiss based upon the debtor's right to seek sanctions under §105 for an abuse of process, not based upon a private right of action for fraud or abuse of process or improper notarization. There is clearly an action pleaded for §105 relief. If, as Ms. Thigpen states, she wishes to go forward solely on the grounds that §105 creates an independent private right of action, a renewed motion for dismissal or summary judgment may be warranted. The court ruled that the plaintiff's complaint survived the motion to dismiss based solely on the sanction rights of the court under §105 and the inherent power of the court to sanction.
    Since the debtor, Ms. Thigpen, made clear in her pleadings and argument on this motion (but not in the motion to dismiss) that her complaint seeks relief that in this court's view does not implicate §105 or the inherent powers of the court, this ruling assumes that fact, unlike the motion to dismiss ruling.

3

> First, we compare the . . . action to 18th-century actions brought in the courts of England prior to merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature . . . The second stage of this analysis is more important than the first. If, on balance, these two factors indicate that a party is entitled to a jury trial under the Seventh Amendment, we must decide whether Congress may assign and has assigned resolution of the relevant claims to a non-Article III adjudicative body that does not use a jury as a factfinder.
> *Granfinanciera*, 492 U.S. at 42, 109 S.Ct. at 2790. (internal citations and quotations omitted).

The cause of action in this case is stated differently by the parties. Matrix asserts that what the plaintiff has brought is a fraud or abuse of process complaint seeking relief that is both equitable and legal in nature. Ms. Thigpen asserts that she seeks relief based upon a cause of action created solely by §105 or the inherent power of the court. The case is not grounded in other Bankruptcy Code sections such as §502 as to proofs of claim or reconsideration of claims or §506 as to creditor costs and expenses added to claims as earlier class action causes of action in this court have been. E.g. *Slick v. Norwest Mortgage, Inc. (In re Slick)*, Order Awarding Judgment to the Plaintiffs, Case No. 98-14378, Adv. No. 99-01136 (Bankr. S.D.Ala. May 10, 2002).

Ms. Thigpen views §105 as a very broad power, citing the Eleventh Circuit Court of Appeal's own language in support of her position.

> Section 105(a) states '[t]he court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title.' 11 U.S.C. §105(a) (emphasis added [by Court]). Sovereign immunity aside, § 105 uses the broad term 'any' which encompasses all forms of orders including those that award monetary relief. The term 'any' should be given this broad construction under the 'settled rule that a statute must, if possible, be construed in such fashion that every word has some operative effect.' *U.S. v. Nordic Village*, 503 U.S. 30, 36, 112 S.Ct. 1011, 1015, 117 L.Ed. 2d 181 (1992). The broad term 'any' is only limited to those orders that are 'necessary or appropriate' to carry out the Bankruptcy code. Therefore, the plain meaning of §105(a) encompasses any type

4

> of order, whether injunctive, compensatory or punitive, as long as it is 'necessary or appropriate to carry out the provisions of' the Bankruptcy Code.
> *Jove Eng'g, Inc. v. I.R.S.*, 92 F.3d 1539, 1554 (11th Cir. 1996).

Ms. Thigpen also cites to *In re Hardy*, 97 F.3d 1384 (11th Cir. 1996), a case affirming a ruling awarding civil contempt damages to a debtor under §105, and *Bessette v. Avco Financial Services, Inc.*, 230 F.3d 439 (1st Cir. 2000), a case awarding damages under §105 for violations of the discharge injunction. These cases involved contempt by parties and violations of the automatic stay or the discharge injunction. The court agrees with Ms. Thigpen that these cases, and others, clearly recognize a right in bankruptcy courts to punish violations of court orders or Bankruptcy Code directives like the automatic stay or discharge injunction through use of §105. But Ms. Thigpen's case does not involve a court order or directive. She seeks to use § 105 to enforce a general tort action for fraud or abuse of process or improper notarization.

Some courts have stated that §105 powers extend beyond contempt powers. *In re Lazy Acres Farm, Inc.*, 134 F.3d 371(6th Cir. 1997) (unpublished opinion published at 1997 WL 809968)(use of §105 to enjoin actions to maximize value of estate assets). This court has ruled, in some earlier class action cases in this court, that §105 may create a private right of action that goes beyond contempt when tied to another code section as a means of implementing that code section's requirements. *Slick v. Norwest Mortgage, Inc.,* Order Awarding Judgment to Plaintiffs, Case No. 98-14378-MAM-13, Adv. No. 99-01136 (Bankr. S.D. Ala. May 10, 2002) (holding that failure to disclose postpetition attorneys fees charged might give rise to a cause of action under § § 506 and 105). However, this court does not believe that §105 independently creates a private right of action for whatever relief a bankruptcy court might feel is appropriate when the relief is not tied to another code section. If this were so, it could transform every cause of action

5

into a core proceeding "arising under title 11" and give bankruptcy judges extraordinary power. Ms. Thigpen seeks relief from Matrix for fraud and/or abuse of process or improper notarization which are not bankruptcy created causes of action. These are general civil actions that are generally legal, not equitable in nature. Such actions are afforded a jury trial right. *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687 (1999)(holding statutory and common law causes of action that sound in tort have a jury trial right attached); *WSC, Inc. v. The Home Depot, et al. (In re WSC, Inc.)*, 286 B.R. 321 (Bankr. M.D. Tenn. 2002)(holding jury trial appropriate for a fraud action).

To be clear, the court does believe that §105 gives bankruptcy courts the power to police parties who appear in bankruptcy courts and sanction them for inappropriate behavior, with sanctions that include compensatory and coercive damages and attorneys fees to wronged litigants and their counsel or sanctions paid to the court system. A bankruptcy court in a well reasoned opinion found this to be correct. *Kerney v. Capital One Financial Corporation (In re Sims)*, 278 B.R. 457 (Bankr. E.D.Tenn. 2002). It stated:

> [A]lthough §105 "does not authorize the bankruptcy courts to create substantive rights that are otherwise unavailable under applicable law," Pertuso, 233 F.3d at 423, n. 1; "[b]ankruptcy courts ... enjoy inherent power to sanction parties for improper conduct." *Mapother & Mapother v. Cooper (In re Downs)*, 103 F.3d 472, 477 (6th Cir.1996). This inherent power authorizes federal courts "to protect their proceedings and judgments in the course of discharging their traditional responsibilities." *Degen v. United States*, 517 U.S. 820, 823, 116 S.Ct. 1777, 135 L.Ed.2d 102 (1996). *See also Chambers v. NASCO, Inc.*, 501 U.S. 32, 50, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991)(recognizing inherent power of federal district court to sanction conduct abusive of judicial process); *Jones v. Bank of Santa Fe (In re Courtesy Inns, Ltd.)*, 40 F.3d 1084, 1089 (10th Cir.1994) (Section "105 intended to imbue the bankruptcy courts with the inherent power recognized by the Supreme Court in Chambers.... The power to maintain order and confine improper behavior in its own proceedings seems a necessary adjunct to any tribunal charged by law with the adjudication of disputes.").

6

Similarly, other courts have utilized their inherent authority to prevent and sanction abuses of judicial power. *See In re Courtesy Inns, Ltd.*, 40 F.3d at 1090 (bankruptcy court had inherent authority to sanction debtor's president for bad faith filing of bankruptcy petition); *Engel v. Bresset (In re Engel)*, 246 B.R. 784, 789-90 (Bankr.M.D.Pa.2000)(§ 105 authorizes bankruptcy court to exercise its inherent powers to sanction attorney's bad faith filing of inaccurate schedules); *First Fed. Sav. and Loan Ass'n of Largo v. Froid (In re Froid)*, 106 B.R. 293, 296 (Bankr.M.D.Fla.1989) (power to correct abusive practices acknowledged but no sanctions entered against creditor who filed and prosecuted discharge complaint); *Mortgage Mart, Inc. v. Rechnitzer (In re Chisum)*, 68 B.R. 471, 473 (9th Cir. BAP 1986) (recognizing power of bankruptcy court to impose sanctions on parties and counsel who willfully abuse the judicial process, but not finding sanctions appropriate against debtor and his attorney for their repeated bankruptcy filings).

The power to sanction attorneys and parties to litigation is a "public right" as that term was used in the *Granfinanciera* case. It is a right "so closely integrated into a public regulatory scheme as to be a matter appropriate for agency resolution with limited involvement by the Article III judiciary." *Granfinanciera*, 492 U.S. 22, 54 (citing *Thomas V. Union Carbide Agricultural Products Co.*, 473 U.S. 568, 593-94, 105 S.Ct. 3325, 3339-40 (1985)). Such an action is one which involves both the private parties and the court. A sanction relates to the public rights of all citizens to a fair, dignified process in which all citizens can rely on properly executed affidavits, courteous lawyers and parties, reasonable suits and discovery requests, etc. For public rights, there is no jury trial right. However, as explained by plaintiff, what plaintiff seeks is a private right of action for Matrix's actions. It does not involve public rights, only private ones and, therefore, a jury trial right exists.

B.

Matrix asserts that the District Court should also withdraw the reference because it would promote economy for the lawyers and the court system. This court concludes that this argument should not be successful at the District Court. The most compelling argument for withdrawal of

7

the reference is that it reduces the levels of appeal. This is true. But the argument presupposes that an appeal will be the result of any resolution of this case. This court has already had five class action cases that have reached conclusion in this court. Of the five, four were settled with no need for appellate resolution. The fifth case was tried to a conclusion with a result in favor of the defendant. The plaintiff class did not appeal.

This court could try any class action case that does not require a jury in an efficient manner and do so as soon as the parties are ready for a trial. There would be no benefit to a transfer on that account.

However, since the case does involve the right to a jury trial, and the defendant has not consented to such a trial in bankruptcy court, a withdrawal of the reference may be warranted if the district court so rules. This court has been involved in other proceedings in other districts where the bankruptcy court handled all matters except dispositive ones, in order to alleviate the district court workload and due to the familiarity of this court with the bankruptcy issues involved. This court would be happy to so act if the District Court wishes it. This court has issued an opinion on Matrix's motion to dismiss the complaint which shows that the lawsuit should not be dismissed at this stage of the case. Therefore, even though the District Court may withdraw the reference, this Court believes that discovery is warranted. It should proceed unless the District Court, upon withdrawal of the reference rules otherwise.

IT IS ORDERED that the motion for stay of all proceedings pending disposition of the motion to withdraw reference is DENIED.

Dated: May 25, 2004

*Margaret A. Mahoney*
MARGARET A. MAHONEY
U.S. BANKRUPTCY JUDGE